DAVID A. LAUTZ, Appellant, v. GEORGE A. BUCKINGHAM, Respondent.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1871.)

The statute (Laws, 1838, chap. 297, § 5) which declares that plats of ground in Greenwood cemetery, when conveyed to individuals, shall not be liable to sale on execution, or to be applied to payment of debts by assignment under insolvent laws, is intended to prevent sale for payment of the owner's debts, against his will, by process of law, &c. A foreclosure sale, under a mortgage executed by the owner of a plat of ground, is not within the meaning of the act.

Accordingly, where the defendant conveyed a plat of ground in the ceme-tery to the plaintiff, with a privilege of interment therein, and the plain tiff executed to the defendant an instrument reciting the conveyance, and agreeing to reconvey on repayment of the consideration, with interest, i.t one year, and on default the plaintiff brought an action for sale of th property, — Held, that a sale under judgment of foreclosure was not pro hibited by the act; and, if otherwise, the plaintiff was at least entitled to a strict foreclosure, and his complaint was not demurrable for not stating a cause of action.

APPEAL from a judgment allowing a demurrer to the plaintiff's complaint.

Present — INGRAHAM, P. J., and BARNARD, JJ.

INGRAHAM, P. J. The defendant being the owner of a lot in Greenwood cemetery, conveyed the same to the plaintiff by an absolute conveyance. The plaintiff executed at the

Lautz *v.* Buckingham.

same time to the defendant an instrument in writing reciting the conveyance, and agreeing to reconvey the same to the defendant on repayment to him of the consideration money, with interest, in one year. He also gave the defendant the privilege of interring in the plat during the year.

The money not having been repaid, the plaintiff treated it as a mortgage, and commenced this action for the foreclosure of it.

The defendant demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. Judgment was given in favor of the demurrer.

There can be no doubt that the conveyance by itself was a valid instrument, which the defendant had a right to execute and which the plaintiff might accept. It was for a good consideration, and transferred the title to the lot to the plaintiff. The only question is, whether the defeasance executed by the plaintiff at the same time, in which he agreed to reconvey the property on receiving a certain amount with interest, vitiated the conveyance.

I have remarked that the owner had a right to grant the lot absolutely. I see no reason why he might not, under these two instruments, have sustained an action for a strict foreclosure, and thereby obtained a perfect title. Such a decree or judgment would not have required any execution to enforce it, and would not have come within the prohibition of the statute.

The statute (Session Laws, 1838, p. 297, § 5) provides that the plats, when conveyed to individuals, shall not be liable to be sold on execution, or to be applied to the payment of debts by assignment under any insolvent law.

This evidently intended to prevent the sale of the property for the payment of the debts of the owner against his will, by process of law or by a general assignment under an insolvent act.

The foreclosure of a mortgage does not require any execution or assignment to carry it into effect. The judgment

itself directs the officer to sell, and the sale is made under the judgment, and not by virtue of an execution.

Although the plaintiff claims a sale of the premises in his complaint, still he states facts sufficient to show that he is entitled to a strict foreclosure without a sale; and so far as this action is attacked by the demurrer, the objection of the statutory provision would not deprive him of that remedy.

The statute was not intended to apply to any voluntary act of the owner, by which his title to the lot was to be affected. He has taken the price for it, and given his consent to a transfer; he cannot now retain the money, and at the same time object that the instrument given to secure the same is void.

No such result can follow the acceptance and retention of the money, except in cases in which by statute the security is declared to be void.

It is suggested that to permit such a mortgage to be held valid was against public morals. I can see no difference so far as a question of morals is involved, between a sale by an absolute conveyance and a sale by a conditional conveyance. In the one case the title to the property is changed at once; in the other the grantor has the right to retain the property by repayment of the money he has received.

However objectionable it may seem to allow such transfers of plats intended and used for burial purposes, an absolute prohibition against such conveyances, as is contained in the act passed (Session Laws, 1847, ch. 133) by the Legislature, is necessary before the courts can declare them to be invalid.

The judgment should be reversed, and judgment ordered for plaintiff on demurrer, with leave to defendant to answer on payment of costs.

Judgment reversed.