Daniels, J.
The controversy determinable by the judgment relates to the title of Moses Gr. Wanzor to a lot of land *14 in Greenwood cemetery. It was purchased, and a deed taken for it from the Cemetery Association, by John Schroeder the plaintiff’s husband, and he executed and delivered a deed of the same lot to the appealing defendant. The plaintiff claimed to have become so far interested in the property by its improvement, and the interment of her parents as to prevent her husband from making a legal or valid sale of it. It was alleged in the complaint that the lot had been purchased for the sole and only purpose, and as a place of burial for the dead of the family of the plaintiff and defendant, and that it had afterwards been improved by them by the expenditure of large sums of money, in caring for, beautifying and protecting the lot, and erecting a monument thereon. And that in addition to the interment of her parents, one of the sons of herself and her husband, and a brother of her husband had been interred in the lot. These allegations were not denied in the answer of her husband, neither were they in the answer of the other defendant. He did state in his answer after making specific admissions that “ on information and belief he denies all the allegations in the said complaint contained not hereinbefore admitted or denied.” But this statement neither denied directly the other allegations contained in the complaint, nor did it contain the allegation that the defendant had not sufficient knowledge or information to form a belief as to the other statements in the complaint, and for that reason that he denied them. And these are the only forms of denial which the Code has provided may be inserted in the answer. It has not permitted a material allegation in the complaint to be put in issue by the form of denial adopted by this defendant. He has neither made a direct denial of the other allegations in the complaint, nor averred that he had no knowledge or information sufficient to form a belief as to such statements. For that reason these allegations contained in the complaint also stand admitted as to him, and the case is to be considered and disposed of with these facts established in that manner, in favor of the plaintiff. From them it *15 appears that the property was acquired as a burial lot for the plaintiff aud her husband, and their family, and that it had been greatly improved, not only at his but at her expense, and their family dead had been placed in the lot as their final resting place. These facts were sufficient to prevent her husband from making such a disposition of the lot as was designed to be made in favor of the defendant, and which was to be followed by the removal of these bodies from the ground. For by the understanding that the lot was acquired as a family burial place, and it had been improved by the expenditure of money by the plaintiff with that understanding, and to beautify and adorn it, and it had been so used, her husband had disabled himself from afterwards conveying it away to another person and thereby devoting it to a distinct and different purpose
And she became entitled to the judgment which was recovered by her specifically devoting this lot of land to the object for which it had been purchased and improved. In this respect the case was brought within the principle of Lobdell agt. Lobdell (36 N. Y., 327), where a father had verbally agreed to convey a piece of land to his son in case he entered upon it and improved it. That, it is true, included the entire legal title to the land, but if such an agreement can be held valid as it then was, when it includes the legal title, by the same reasoning upon which that can be accomplished, its legality is capable of being sustained, where the agreement to be implied may include an interest less than the legal title. The same point was discussed in Neale agt. Neales (9 Wall. U. S., 1) where it was declared that “ equity protects a parol gift of land equally with a parol agreement to sell it, if accompanied by possession and the donee, induced by the promise to give it, has made valuable improvements on the property (Id., 9).” And this rule was followed in the decision of Willislon agt. Williston (41 Barb., 635).
Beyond that it would be offensive to the moral sense, and therefore should not be sanctioned by the court, to permit this *16 property to be made the subject of speculative disposition, after these bodies had there been buried, with permission to the purchaser to remove them from their resting place. Such an interference with them was not sanctioned by the common law (King agt. Lynn 2 Durn. & East, 344; Com. agt. Cooly, 10 Pick., 37). And it was so considered in a very t appropriate opinion delivered by Hr. justice Van Vorst in Thompson agt. Hickey (8 Abb. N. C., 159). And the conclusion then and now arrived at, is in no manner impaired in its strength by the case of Lautz agt. Buckingham (4 Lansing, 484), in which neither of the controlling circumstances was presented which are included in this case. The defendant appealing will not be deprived of the money paid by him as a consideration for the deed by this determination, for as long as he may be unable to obtain the land itself he will be at liberty to recover the consideration upon a rescission of his purchase. Good order, public decency and a just regard for the repose of the remains of the dead, require, under the facts' of this case, that the judgment from which the appeal has been taken, shoiüd be affirmed. And this policy has been embodied in the legislative acts of the state for the management and government of the property of rural cemetery associations. (Laws 1871, chap. 419; Laws 1879, chap. 310; Laws 1880, chap. 566, Sec. 1.)
The judgment should be affirmed, with costs.